# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                   Case No. 05-CR-101

ROBERT EARL HILL,

      Defendant.

## ORDER

On December 14, 2005, Defendant Robert Hill was sentenced to prison for 180 months following his conviction on his plea of guilty of the crime of conspiracy to distribute five grams or more of crack cocaine. Hill has now filed a pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendment to the crack cocaine guidelines. Because defendant was sentenced under the career offender guideline, however, and not the crack guideline, his motion must be denied.

Section 3582(c)(2) authorizes a sentencing court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." At the time of sentencing, Hill was determined to be a career offender pursuant to U.S.S.G. § 4B1.1, resulting in a total offense level of thirty-four, after reduction for acceptance of responsibility, and a Guideline range of 262 to 327 months. The career offender determination was based upon two prior delivery

of controlled substance convictions in Cook County, Illinois. The recent amendment to the crack cocaine guideline provisions did not reduce the sentencing range of defendants who were sentenced as career offenders. The court therefore has no authority to reduce Hill's sentence under § 3582(c)(2). *See United States v. Biami*, 548 F. Supp.2d 661(E.D. Wis. 2008), and cases cited therein.

It should also be noted that although Hill's guideline range called for a sentence between 262 and 327 months, the Court imposed a sentence of 180 months, almost seven years less than the low end of the Guideline range, apparently based on its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Thus, Hill has already received the benefit of the Court's individualized assessment of the facts of his case in determining an appropriate sentence. Under these circumstances, Hill's motion must be denied.

**SO ORDERED** this   28th   day of July, 2008.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge